133 F.3d 928
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel R. MORGAN, Plaintiff-Appellant,
v.
Mark KIMBROUGH; Mary Hataway; Frankie Sue Del Papa, Loren
Love; John Richardson; Wayne Perock; Pete Morros; Eldon
Chouinard; Theresa Connor; Barbara Willis; Nevada State
Parks; nevada Department of Conservation, Defendants-Appellees.
 No. 97-15325.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Dec. 17, 1997.
 
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Daniel R. Morgan appeals pro se the district court's summary judgment entered in favor of defendants in his action alleging race, gender and age discrimination and retaliation under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Equal Pay Act, and 42 U.S.C. §§ 1981, 1983, 1985 and 1986. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]
 
 A. Judicial Bias
 
 3
 Morgan's contention that the district court erred in denying his various motions because the district judge was biased lacks merit. Morgan failed to support his conclusory allegations with specific facts or reasons for the belief that bias existed. See Taylor v. Regents of Univ. of Cal., 993 F.2d 710, 712 (9th Cir.1993) (per curiam) (stating that prior adverse rulings are insufficient to establish judicial bias or warrant recusal). Accordingly, the district court did not abuse its discretion by denying Morgan's motions. See id.
 
 B. Appointment of Counsel
 
 4
 Morgan's contention that the district court erred by failing to appoint counsel for him is without merit. Because Morgan did not show a likelihood of success on the merits, and because he consistently demonstrated his capability to prosecute his case pro se, the district court did not abuse its discretion by denying Morgan's motion for appointment of counsel. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991).
 
 C. Discovery Motions
 
 5
 Morgan contends that the district court erred by denying his discovery motions. We disagree. The district court has wide discretion in controlling and managing the discovery process and its rulings will not be overturned in the absence of a clear abuse of discretion. See Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir.1988). Because Morgan has not sufficiently established any errors made by the district court, the mere disagreement with the district court's rulings does not warrant reversal. See id.
 
 D. Summary Judgment
 
 6
 Morgan also contends that the district court improperly granted summary judgment to defendants because there are genuine issues of material fact. This contention lacks merit. We review de novo the district court's grant of summary judgment. See Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). After carefully reviewing and considering the record as a whole, we conclude that Morgan has failed to present sufficient evidence of discriminatory intent by defendants in failing to hire Morgan for a new position and discharging Morgan from his position, or any evidence of retaliation. See Wallis v. J.R. Simplot Co., 26 F.3d 885, 889-91 (9th Cir.1994) (age discrimination and retaliation); Brown v. Sierra Nev. Mem'l Miners Hosp., 849 F.2d 1186, 1192-93 (9th Cir.1988) (race discrimination); Foster v. Arcata Assocs., Inc., 772 F.2d 1453, 1464-66 (9th Cir.1985) (sex discrimination and Equal Pay Act). Accordingly, the district court properly granted summary judgment.
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court certified that this appeal was not taken in good faith, thereby denying appellant leave to proceed in forma pauperis. This court, after an independent review of the record, denied appellee's motion to dismiss the appeal and granted appellant leave to proceed in forma pauperis. Accordingly, appellant's contention regarding the district court's certification of the appeal is moot
 
 
 [2]
 Morgan's contention that the district court erred by failing to order defendants to engage in settlement discussions has no merit or legal basis